**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROLAND L. CUTRER, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1658** |
| **SCOTTSDALE INSURANCE COMPANY** | **SECTION "B"(2)** |

## ORDER and REASONS

Before the Court are Roland Cutrer, Jr.'s ("Plaintiff") Motion to Remand (Rec. Doc. 10) his case to the 34th Judicial District Court for the Parish of St. Bernard, Louisiana, and Scottsdale Insurance Company's ("Defendant") opposition. (Rec. Doc. 16). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

## BACKGROUND

On August 27, 2007, Plaintiff filed the instant suit against Scottsdale, his insurer, in the 34th Judicial District Court for the Parish of St. Bernard. (Rec. Doc. 1-2). The claim arose from alleged losses Plaintiff incurred to his property as a result of the heavy rains and high winds caused by Hurricane Katrina. (*Id*. at 5). Plaintiff's building allegedly sustained mold, roof damage, and damage to the walls and

1

windows. (*Id.*). He further claims to have lost the use of the building for a period of time due to the hurricane, as well as other personal property. (*Id.*).

Moreover, Plaintiff was allegedly underpaid by Defendant on the insurance policy for his property damages. (Rec. Doc. 1-2). As such, in his opinion, Plaintiff was entitled to recover statutory penalties and attorneys' fees due to Defendant's bad faith failure to pay Plaintiff in full in addition to the other damages owed him under the policy. (*Id.* at 7).

Plaintiff asserted in his petition, without justification, that his damages would not exceed $75,000, exclusive of interest and costs. (*Id.*). Thereafter, the parties commenced the discovery process. On March 24, 2008, Defendant was served with Plaintiff's discovery responses. (Rec. Doc. 1-4). In response to Defendant's Requests for Admission, Plaintiff "admitted" that his damages would not exceed $75,000. (*Id.* at 1). In contrast, the documents produced by Plaintiff indicated the damages to which he was entitled totaled up to $77,900. Plaintiff's breakdown of the damages in his response was as follows: $53,215 for damage to property and mold remediation; $16,775 for damage to personal property; and $8,000 in living expenses. (Rec. Doc. 1-4). Relying on the documentation produced by

Plaintiff himself, Defendant filed a Notice of Removal on April 15, 2008 pursuant to 28 U.S.C. §1332. (Rec. Doc. 1).

Plaintiff seeks to have the case remanded because in his view, Defendant allegedly submitted the Notice of Removal untimely. (Rec. Doc. 10-2). Plaintiff asserts that the Notice of Removal was filed eight (8) months after the filing of the initial petition which was well beyond the statutory requirement of thirty (30) days from the date Defendant discovered that the damages were likely to exceed $75,000, exclusive of interests and costs. (*Id.*). According to Plaintiff, because Defendant claims the penalties and attorneys' fees sought by Plaintiff could in and of themselves, satisfy the amount in controversy requirement; Defendant should have attempted to remove the case within thirty (30) days of filing the petition. (*Id.* at 4).

Plaintiff also avers that the "amount in controversy" is insufficient to give this Court subject matter jurisdiction. (*Id.*). Plaintiff insists it is not facially apparent from his petition that the amount in controversy exceeds $75,000 exclusive of interests and costs. Plaintiff further represents that in response to Defendant's Requests for Admission, Plaintiff admitted his claim does not exceed the statutorily required amount. (Rec. Doc. 1-4 at 1). Similarly, Plaintiff

3

urges that Defendant has not provided sufficient evidence to satisfy his burden of proving the amount in controversy would be in excess of $75,000. (Rec. Doc. 10-2).

In its opposition, Defendant contends that its Notice of Removal was, in fact, timely. (Rec. Doc. 16). Defendant claims that it did not learn the case was removable until it received Plaintiff's discovery responses on March 24, 2008. (Rec. Doc. 1).

In support of this claim, Defendant contends the fact that the "amount in controversy" is in excess of $75,000 is sufficiently evidenced by Plaintiff's responses to Defendant's Requests for Production of Documents. (Rec. Doc. 16). Defendant avers the estimates and receipts produced by Plaintiff clearly indicate damages of up to $77,900, in addition to the penalties and attorneys' fees sought by Plaintiff. (*Id*. at 2). In Defendant's view, Plaintiff has not met his burden of proving he will not be able to recover the requisite jurisdictional amount by either (1) providing state procedural rules binding Plaintiff to his pleadings; or (2) filing a binding stipulation or affidavit to that effect with the initial complaint. (Rec. Doc. 16).

**DISCUSSION**

*Timely Removal*

In considering the procedure to remove a case from state court to Federal Court, "the time limit within which the movant must file his notice of removal is thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.A. §1446(b) (2009). If not apparent by looking at the initial pleading that the case is removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. To resolve ambiguities as to what can be classified as an "other paper" within the meaning of the statute, courts have described it as one that results from a plaintiff's voluntary act which gives the defendant notice that the case is now under federal jurisdiction. *Halmekangas v. State Farm Fire and Cas. Co.*, No. 07-1006, 2007 U.S. Dist. WL 1125760, at *3 (E.D. La. April 16, 2007). In any case, "a claim may not be removed on the basis of jurisdiction more than one year after commencement of the action." 28 U.S.C.A. §1446(b) (2009).

5

*Thomas v. Exxon Mobil Corp.*, No. 03-2269, 2003 U.S. Dist. WL 22533677, at *2 (E.D. La. Nov. 5, 2003) set forth the proper interpretation to be afforded § 1446(b). The court stated, "in essence, when read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case." *Id*. With respect to its application, the first paragraph of § 1446(b) applies to cases that are removable as initially filed; the second paragraph applies to cases which, although not initially removable, become removable at a later time. *Id*. Pursuant to *Exxon*, if the case stated by the initial pleading is removable, then a notice of removal must be filed within thirty days from the defendant's receipt of the initial pleading. *Id*. Conversely, if the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order or "other paper" from which the defendant may ascertain that the case is removable. *Id*.; 28 U.S.C.A. §1446(b) (2009).

In instances where a party attempts to remove a state case to federal court, he must also satisfy the basic federal evidentiary burden of proof. Generally, a defendant may remove a civil action filed in state court to a federal court if such a federal court would have had original jurisdiction over the action. See 28 U.S.C.A. §1446(b) (2009). The removing party

6

bears the burden of showing that federal jurisdiction exists at the time of removal. *Gasquet v. Lexington Ins. Co.*, No. 06-5931, 2006 U.S. Dist. WL 3497777, at *1 (E.D. La. Nov. 30, 2006). However, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C.A. §1447(c) (2009).

According to the court in *Gasquet*, supra, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction depends on whether the plaintiff's complaint alleges a specific amount of monetary damages. *Gasquet* at *2. When the plaintiff claims a damage figure that is greater than the required amount in controversy, that amount controls if made in good faith. *Id*. If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Id*.

The plaintiff's in *Gasquet* filed their action in Louisiana state courts. Under Louisiana law, parties are not permitted to plead a specific amount of money damages. *Id*. Thus, where the petition does not include a specific monetary demand, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.;* See also *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement is met if (1) it is

apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. *Id*. If a defendant meets his burden in either of these ways, the plaintiff, in order to defeat removal, must then show that it is legally certain that his recovery will be less than $75,000. *Id.* at *2.

A plaintiff may show that it is legally certain that he will recover damages in an amount less than the jurisdictional threshold by filing a binding stipulation or affidavit with his complaints. *Id*. Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. *Id*.

**A. Scottsdale's Timely Removal**

In his Motion to Remand, Cutrer asserts that Scottsdale could have attempted to remove the case based on information contained within the original petition, which was filed on August 27, 2007. (Rec. Doc. 10-2.) Cutrer did not plead a

specific dollar amount in money damages as required by Louisiana law. See La. C.C.P. art. 893(A)(1). However, Cutrer did indicate that the claim would not exceed $75,000. As plaintiff, Cutrer's claim was presumptively correct unless Scottsdale could provide evidence to the contrary. See *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Hence, it was unclear from the face of the petition whether the amount in controversy would likely exceed $75,000.

Scottsdale received Cutrer's discovery responses on March 24, 2008. (Rec. Doc. 1 at 3). Contradictorily, those responses indicated that the estimated damages were in excess of $77,900 exclusive of penalties and attorneys' fees. (*Id*.). It was not until that time that Scottsdale could, and did, reasonably ascertain that the case was or had become removable. Cutrer's argument that Scottsdale's Notice of Removal relies in part on facts alleged in the petition is without merit. The fact that Scottsdale referred to some allegations from the petition in his Notice of Removal does not in any way suggest that he had the statutorily mandated "notice" that the case was removable when it was initially filed. Notwithstanding the amount of damages listed, Cutrer stipulated in one of the concluding paragraphs of his petition, "Plaintiff specifically alleges that his damages alleged herein do not exceed $75,000.00 exclusive of interest

9

and costs." (*Id*.). It is reasonable to say that this insertion was taken in good faith by Scottsdale, hence the reason why Scottsdale's Notice of Removal was not submitted soon after the initial filing of the petition. Less than thirty (30) days after he was served with the discovery responses, on April 15, 2008, Scottsdale filed the Notice of Removal. (Rec. Doc. 1). Such filing was also within one (1) year of the filing of the original petition, as required by law. Therefore, Scottsdale's Notice of Removal was timely.

**B. Amount in Controversy**

The next inquiry is whether the movant, Scottsdale, has satisfied its burden of having shown by a preponderance of the evidence that this claim falls within the jurisdiction of this Court.

In focusing on the face of the initial complaint, the court in *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999) found that the face of the plaintiff's complaint indicated by a preponderance of the evidence the amount in controversy would likely exceed $75,000. In her petition, the plaintiff alleged that an airline had lost the luggage containing her prescription heart medication and, therefore, caused her

subsequent heart failure, pulmonary edema, and respiratory distress. *Id*. She emphasized that she was suing in tort, not contract. *Id*. The plaintiff also indicated damages for property, travel expenses, an emergency ambulance trip, her six (6) day stay in the hospital, pain and suffering, humiliation, and her inability to do housework after the hospitalization. *Id*. Thus, the gravity and specificity of the damages listed was reasonably sufficient to satisfy the jurisdictional amount. *Id*.

The case at bar is distinguishable from *Luckett*. Nothing in Cutrer's complaint would easily trigger reasonable minds to infer that his claim was in excess of $75,000. Cutrer's petition could have been interpreted in a number of ways. The extent of Cutrer's loss is generally described in the complaint as serious damage to the roof, walls, and windows. (Rec. Doc. 1-2). Whether any of these things were of pristine quality or were in need of extensive repair prior to the hurricane is entirely speculative. Additionally, there was no degree of certainty as to the actual value of Cutrer's property. Cutrer further alleges that his personal property was totally damaged, ruined or lost. (Rec. Doc. 1-2 at 5). There is no indication as to what particular personal property Cutrer has lost so that Scottsdale would have been able to reasonably infer the degree of Cutrer's loss. Cutrer also contends he is entitled to "loss

11

of use" of the building, thereby incurring additional expenses to run his business. (*Id*.). Cutrer had not provided any information regarding what types of expenses he was referring to or even whether his business was a lucrative one. Although the complaint further stipulates that Scottsdale acted in bad faith (*Id*. at 7), this contention along with the others are not reasonably sufficient to show by a preponderance of the evidence that the claim would exceed the requisite amount.

Cutrer did not specifically assign values to the damages of his home or property in his complaint, which means that reasonable minds could disagree as to their extent. In other words, in light of Cutrer's statement in his petition that the amount in controversy will not be met (Rec. Doc. 1-2 at 7), it cannot be said with any degree of certainty that the amount in controversy will or will not likely exceed $75,000. Therefore, the face of the petition, in and of itself, does not show that this claim will likely satisfy the requisite amount.

Although the amount in controversy is not clearly apparent on the face of the petition, Scottsdale may also satisfy its burden by providing "summary judgment type" evidence of facts to support a finding that the claim will likely exceed $75,000. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Along with its timely filed Notice of

12

Removal, Scottsdale provided this Court with Cutrer's responses to discovery requests. While Cutrer's reply to Scottsdale's Requests for Admissions "admitted" the amount in controversy would not exceed $75,000 exclusive of interest and costs, the damage estimates and receipts submitted to Scottsdale on March 24, 2008 illustrated the claim would likely exceed this amount. (Rec. Doc. 1-4 at 6 & 7). Specifically, the assessments Cutrer provided to Scottsdale were as follows: property and mold remediation – $53,215; personal property - $16,775; and additional expenses - $8,000. Thus, the damages to Cutrer's property are approximately $77,990. Moreover, Scottsdale has emphasized Cutrer's claim for bad faith penalties in the original petition. (Rec. Doc. 1-2 at 7 & 8). An award of such penalties and fees would only serve to increase the aforementioned sum. Thus, Scottsdale has shown by a preponderance of the evidence that the claim will likely exceed $75,000.

Since Scottsdale has met its burden, Cutrer must then show to a degree of legal certainty that his recovery would be less than the requisite amount in order to defeat removal. In the instant case, there is no statute limiting Cutrer's recovery. Hence, Cutrer should have submitted a binding stipulation or affidavit with the original complaint that would in effect

13

renounce his right to recover anything greater than $75,000. See *Gasquet* at *3.  Arguably, Cutrer had attempted to do so in his petition when he alleged that his damages would not exceed $75,000 exclusive of interest and costs.  (Rec. Doc. 1-2 at 7). However, this statement is not equivalent to Cutrer effectively renouncing his right, and therefore, the possibility of receiving a greater sum in the event of a favorable judgment.

In conclusion, Scottsdale's Notice of Removal was timely because it was filed within thirty (30) days of having reasonably ascertained that the case had become removable.  It was not until Scottsdale received the discovery responses that Scottsdale became aware the circumstances were such that a favorable award for Cutrer would likely exceed $75,000, so as to fall within the scope of federal court jurisdiction.  Having filed timely, Scottsdale then proved by a preponderance of the evidence that the claim would meet the requisite amount by setting forth tangible evidence such as documents of Cutrer's estimates and receipts.  On the same token, Cutrer has not shown with any legal certainty, by means of legal doctrine or binding stipulation filed by him with his petition, that his claim would not exceed $75,000.  Accordingly,

For the aforementioned reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED.**

New Orleans, Louisiana, this __6th__ day of ____August____, 2009.

**IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE**