UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD L. CUTRER, JR.                           CIVIL ACTION

VERSUS                                          NO. 08-1658

SCOTTSDALE INSURANCE COMPANY                    SECTION "B"(2)

ORDER AND REASONS

Before the Court is Scottsdale Insurance Company's ("Defendant") Motion for Summary Judgment (Rec. Doc. No. 7) and Roland Cutrer Jr.'s ("Plaintiff") opposition, (Rec. Doc. No. 12). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the summary judgment motion is **DENIED.**

*BACKGROUND*

On August 27, 2007, Plaintiff filed the instant suit against Defendant, his alleged insurer, in the 34th Judicial District Court for the Parish of St. Bernard. (Rec. Doc. 1-2). The claim arose from alleged losses Plaintiff incurred to property as a result of the heavy rains and high winds caused by Hurricane Katrina. (Rec. Doc. 1-2 at 5). Plaintiff claims his building sustained mold, roof damage, and damage to the walls and windows. (*Id.*). Plaintiff further claims to have lost the use of the building for a period of time due to the hurricane, as well as other personal property. (*Id.*).

1

Defendant filed the instant Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure, alleging that Construction Concepts & Realty, LLC, ("Construction Concepts") was the true owner of the building, and therefore, Plaintiff was not the proper party to file suit to recover under the insurance policy. (Rec. Doc. 7).

Plaintiff, in its opposition, avers that Defendant's motion should be denied because Plaintiff is the main member of Construction Concepts[1] and should be allowed to amend the petition to name Construction Concepts as a plaintiff. (Rec. Doc. 12 at 1). Plaintiff asserts that the omission of Construction Concepts' name in the petition was a pleading error, and to allow such amendment would in no way prejudice Defendant. (*Id*. at 2). Lastly, Plaintiff contends that because his name appears in a document as "Attn: Roland L. Cutrer" in the space for "named insured" there is a genuine issue as to material fact thereby precluding summary judgment. (*Id*.).

## DISCUSSION

**A. Summary Judgment Standard**

Rule 56(b) of the Federal Rules of Civil Procedure provides that a party against whom a claim is asserted may, at any time, move with or without supporting affidavits for summary judgment in

---

[1] Construction Concepts & Realty, LLC has a total of two (2) members including Cutrer (See Rec. Doc. 12-2).

the party's favor. Fed. R. Civ. P. 56(b). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A "material fact" is one which, given its resolution in favor of one party or another, might affect the outcome of the suit under applicable law. *Disaster Relief Services of North Carolina, LLC v. Employers Mut. Cas. Ins. Co.*, No. 07-1925, 2009 U.S. Dist. WL 935963, at *2 (W.D. La. April 6, 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). An issue is considered "genuine" when the evidence leaves open the possibility that a rational trier of fact might still return judgment in favor of the nonmoving party. *Id*. (citing *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)).

Where the non-moving party will bear the burden of proof at trial on the dispositive issue, in order to survive summary judgment, that party must go beyond the pleadings and designate specific facts as to make a showing sufficient to establish the existence of an essential element to the party's case. *Celotex*, 477 U.S. at 322. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there

is some metaphysical doubt as to the material facts. *Matushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must come forward with specific facts showing there is a genuine issue for trial. *Id.* at 587. The mere existence of a scintilla of evidence on the non-moving party's position is insufficient to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-moving party must present evidence upon which a reasonable jury could reasonably find for the non-movant. *Id.* If the entire record could not result in a rational jury finding in favor of the nonmoving party, there is no genuine issue for trial and summary judgment is warranted. *Wheeler v. Miller*, 168 F.3d 241, 247 (5th Cir. 1999) (citing *Capital Concepts Properties 85-1 v. Mutual First, Inc.*, 35 F.3d 170, 174 (5th Cir. 1994)).

B. *Interpretation of Insurance Contracts*

An insurance policy is a contract between the parties and is construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. *Vernado v. Progressive Sec. Ins. Co.*, Nos. 08-2426 and 08-2427, 2009 La. App. WL 1655595, at *3 (1st Cir. June 12, 2009) (citing *LeBlanc v. Aysenne,* 2005-0297 (La. 1/19/06), 921 So.2d 85, 89). The Civil Code provides that interpretation of a contract is the determination of the common intent of the parties and when the words of a contract are clear

4

and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. *Id*. (citing La. C.C. arts. 2045 and 2046). Thus, in interpreting an insurance policy, the words of the policy are given their generally prevailing meaning, and words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract. *Id*. (citing La C.C. arts. 2047 and 2048). The first step in interpreting any insurance contract is to examine the policy language. *Id*. Where the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. *Adams v. Frost*, 43,503 (La. App. 2d Cir. 8/20/08) 990 So.2d 751 (citing *Schroeder v. Board of Supervisors of Louisiana State University,* 591 So.2d 342 (La. 1991)). If any ambiguity remains after applying the general rules of contractual interpretation to an insurance contract, the ambiguous contractual provision is construed against the insurer who furnished the contract's text and in favor of the insured. *Id*. (citing *Succession of Fannaly v. Lafayette Insurance Co.,* 805 So.2d 1134 (La. 2002).

In the instant case, Scottsdale's "Commercial General Liability Coverage Form" designates those whom are classified as an insured under the policy. (Rec. Doc. 7-4 at 16). Section II of the form provides that a person designated in the declarations as a "limited liability company" is an insured. (*Id*.). The section

5

further indicates that the members and managers of the LLC are insureds. (*Id*.). Additionally, Scottsdale's "Building and Personal Property Coverage Form" clearly shows that the LLC itself can extend its insurance coverage to personal effects owned by its officers, partners, members, managers or employees. (Rec. Doc. 7-9 at 7). This particular section is further expanded to cover the personal property of others in the care, custody or control of the LLC. (*Id.)*.

Scottsdale takes the position that Cutrer has no right to sue in his own name to recover under the insurance policy. The principle basis for Scottsdale's argument is that Cutrer is not specifically listed as an insured under the policy issued to Construction Concepts. However, based on the aforementioned provisions it is clear that Cutrer has an insurable interest and is, in fact, covered by the policy.

The common intent of the parties to this contract was to provide insurance coverage for members or employees of a business who may incur a loss. (Rec. Doc. 7-4 at 16). Construction Concepts is the named insured under Scottsdale's insurance contract. (Rec. Doc. 7-4). Cutrer is one of only two (2) members of Construction Concepts & Realty, LLC. (Rec. Doc. 2-2). The language in the contract explicitly provides coverage for Construction Concepts' members, managers, partners or employees. Cutrer is one of Construction Concepts' members, managers or

6

employees thereby qualifying him as an insured.  Cutrer has shown that he could be a named insured under Construction Concepts' policy, because his name appears as "Attn: Ronald Cutrer" in the block for "named insured."  The policy is not ambiguous in affording the members of a company such as Construction Concepts protection and to interpret it as such would not lead to an absurd result.  However, even if one argues that a reasonable person would feel the language was somewhat ambiguous, then such ambiguity must be construed against Scottsdale and in favor of Cutrer thereby considering him an insured under the policy.

In conclusion, a genuine issue of material fact exists in this case as the evidence leaves open the possibility that a rational trier of fact may return a judgment in favor of Cutrer.  There is a definite possibility that a rational jury would find that Cutrer (as a member/partner/employee) is considered to fall within the class of persons covered by the insurance contract between Construction Concepts and Scottsdale.  The crux of this entire matter hinges on whether Cutrer is considered to be an insured under the policy thereby allowing him to bring this claim in his own name.  The resolution of this factual issue in favor of one party or another will affect the outcome of the suit in its entirety.  Cutrer has pinpointed and highlighted specific details such as his status as a main member of Construction Concepts as well as his name having been stipulated into the insured block of

the contract.  Although Scottsdale has made an attempt to demonstrate that Cutrer has no interest whatsoever in this suit, Cutrer has carried his burden of showing that a reasonable interpretation of the policy terms and reasonable minds could find Cutrer to be covered as an insured under the sued upon policy. For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 24th day of August, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT COURT